**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRANDON CHE LEE,

      Plaintiff - Appellant,

v.

CLAUDE MAYE, Warden,

      Defendant - Appellee.

No. 14-3214
(D.C. No. 5:14-CV-03097-SAC-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Brandon Che Lee filed a civil rights suit challenging the conditions of his confinement in the federal penitentiary at Leavenworth, Kansas. He alleged that unnamed prison officials are torturing him and poisoning his food. Screening his complaint pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915A, the district court dismissed his action as frivolous. Mindful of our

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

obligation to construe pro se filings liberally, we dismiss this appeal on the same grounds.

Unlike Federal Rule of Civil Procedure 12(b)(6), § 1915A affords courts the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (construing a similarly worded provision now found at 28 U.S.C. § 1915(e)(2)). For the reasons thoroughly explained by the district court, the conclusory assertions in Mr. Lee's filings as to the conditions of his confinement meet this standard. To the extent Mr. Lee separately suggests that his confinement is itself unlawful because of errors underlying his conviction, he must seek relief not in a civil rights action but under the federal habeas corpus statutes. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). And he may pursue that relief only in the court that sentenced him, namely, the District Court for the Central District of California. *See* 28 U.S.C. § 2255(a).

Mr. Lee's motion to proceed in forma pauperis is denied, and this appeal is dismissed as frivolous. Mr. Lee is reminded of his obligation to pay the filing fees in full. The district court's dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). Our disposition of this appeal counts as a second.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge